**EXHIBIT 1**

# PROMISSORY NOTE

Payee: BW Industries, Inc.

Holder: Voyager Pacific Opportunity Fund II, LLC

Principal Amount: $750,000.00

Date of Note: December 12, 2022

PROMISE TO PAY BW Industries, Inc. ("Payee") promises to pay to

Voyager Pacific Opportunity Fund II, LLC ("Holder"), or order, in lawful money of the United States of America, the principal amount of ONE MILLION DOLLARS AND NO CENTS ($750,000) (the "Obligation"), Such amount may be advanced in one or more distributions to the Payee at the request of the Payee.

LOAN FEE. Payee to pay Holder a fixed loan fee of TWENTY FIVE THOUSAND DOLLARS AND NO CENTS ($25,000). There shall be no prepayment discount or penalty.

ALL DUE DATE. All principal and fees shall be paid by Payee to Holder not later than December 16, 2022 ("Due Date"). Unless extended by agreement with the Holder.

PREPAYMENT. There shall be no prepayment discount or penalty.

DEFAULT. Each of the following shall constitute an event of default ("Event of Default") under this Note:

Payment Default. Payee fails to make any payment when due under this Note.

Other Defaults. Payee fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or its related deed of trust of the same date ("Deed of Trust").

False Statements. Any warranty, representation, or statement made or furnished to Holder by Payee or on Payee's behalf under this Note or the Deed of Trust is false or misleading at any time thereafter.

Insolvency. The insolvency of Payee, the appointment of a receiver for any part of Payee's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Payee.

Creditor or Forfeiture Proceedings. Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Payee or by any governmental agency against any collateral securing the Obligation. This includes a garnishment of any of Payee's accounts, including deposit accounts. However, this Event of Default shall not apply if there is a good faith dispute by Payee as to the validity or reasonableness of the claim which is the

Doc ID: c78799d4b7714e7299823c684780649f16c153d1

basis of the creditor or forfeiture proceeding and if Payee gives Holder written notice of the creditor or forfeiture proceeding and deposits with Holder monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Holder, in her sole discretion, as being an adequate reserve or bond for the dispute.

      Sale or Transfer of Real Property Collateral.  If the real property collateral which secures this Obligation by way of the Deed of Trust of even date herein is sold or otherwise transferred by Payee to a third party and Holder does not receive a written demand for payoff and/or payment in full of the principal balance of the Obligation.

CURE PROVISIONS.  If any default, other than a default in payment is curable it may be cured if Payee, after receiving written notice from Holder demanding cure of such default: (1) cures the default within ten (10) days; or (2) if the cure requires more than ten (10) days, immediately initiates steps which Holder deems in their reasonable discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

HOLDER'S RIGHTS.  Upon an uncured Event of Default, Holder may declare the entire unpaid balance under this Note and all accrued unpaid interest immediately due, and Payee will pay that amount.

ATTORNEYS' FEES; EXPENSES.  Holder may hire or pay someone to help collect this Note if Payee does not pay.  Payee will pay Holder all fees incurred or amounts paid.  This includes, subject to any limits under applicable law, Holder's attorneys' fees and legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals.  Payee also will pay any court costs, in addition to all other sums provided by law.

GOVERNING LAW.  This Note will be governed by federal law applicable to lenders and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflict of law provisions.  This Note has been entered into and will be performed in the County of Fresno.

SUCCESSOR INTERESTS.  The terms of this Note shall be binding upon Payee, and upon Payee's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Holder and her successor and assigns.

GENERAL PROVISIONS.  If any part of this Note cannot be enforced, this fact will not affect the rest of the Note.  Holder may delay or forgo enforcing any of her rights or remedies under this Note without losing them.  Payee and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive any applicable statute of limitations, presentment, demand for payment, challenge to sufficiency of consideration, and notice of dishonor.  Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability.  All such parties agree that Holder may renew or extend (repeatedly and for any length of

time) this Obligation or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Holder's security interest in the collateral; and take any other action deemed necessary by Holder without the consent of or notice to anyone.  All such parties also agree that Holder may modify this Obligation without the consent of or notice to anyone other than the party with whom the modification is made.

PRIOR TO SIGNING THIS NOTE, PAYEE READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE.  PAYEE AGREES TO THE TERMS OF THE NOTE. THE NOTE IS EXECUTED EFFECTIVE THE DATE FIRST WRITTEN ABOVE

EXECUTED as of the date first above written.

  By:  BW Industries, Inc., a Delaware corporation,

   its Manager

   By:_____
    Jake Soberal, CEO


For Holder:

*David Hardcastle*

It's <u>CEO     </u>

Doc ID: c78799d4b7714e7299823c684780649f16c153d1