IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Ch. 7 |
| | ) | |
| BW Industries, Inc., et al., | ) | |
| | ) | Case No. 23-10844 (MFW) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| Jeoffrey L. Burtch, in his | ) | Adv. No. 25-51045 (MFW) |
| capacity as Chapter 7 Trustee | ) | |
| for the bankruptcy estates of | ) | |
| BW Industries, Inc., et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Voyager Pacific Opportunity | ) | |
| Fund II, LLC, | ) | |
| | ) | |
| Defendants. | ) | Rel. Docs. 1, 5, 6, 7, 8 |

<u>**MEMORANDUM OPINION**</u>[1]

Before the Court is Voyager's Motion to Dismiss.  For the
reasons stated below, the Court will grant the motion in part and
deny the motion in part.

I.   <u>BACKGROUND</u>

Bitwise and its affiliates (the "Debtors") had revenues of
less than $5 million per year but were allegedly spending more
than $50 million per year,[2] leading to, inter alia, cash flow

---

[1]   This Opinion constitutes the findings of fact and
conclusions of law of the Court pursuant to Rule 7052 of the
Federal Rules of Bankruptcy Procedure.

[2]   Adv. D.I. 1 ¶ 19.

issues.[3]  To help resolve the problem, the Debtors obtained a
loan of $750,000 from Voyager Pacific Opportunity Fund II, LLC
("Voyager") on December 12, 2022.[4]  The loan was represented by a
note (the "Voyager Note") whose terms required the Debtors to
repay the loan plus a "Fixed Loan Fee" of $25,000 four days later
(by December 16, 2022).[5]  The Debtors repaid Voyager $779,917.81
on December 23, 2022.[6]

The Debtors' financial situation did not improve and on June
28, 2023, the Debtors filed a chapter 7 petition.  Jeoffrey
Burtch was appointed as the chapter 7 trustee ("Trustee").[7]  On
June 27, 2025, the Trustee sued Voyager to avoid the Voyager Note
transaction and the Debtors' December 23, 2022, payment as
fraudulent transfers.[8]

In Counts 1 and 2, the Trustee seeks to avoid the
"Obligations" defined by the Trustee as the "contractual terms
requiring payment of interest at a rate of 304% per annum" as a
fraudulent transfer under sections 544(b) and 548 of the
Bankruptcy Code and sections 3439.04 and 3439.05 of the

---

[3]     Id. ¶ 27.

[4]     Id. ¶ 43.

[5]     Id. ¶ 44.

[6]     Id. ¶ 49.

[7]     Id. ¶¶ 8-9.

[8]     Id. ¶ 10.

California Civil Code.[9]  In Counts 3 and 4, the Trustee seeks to avoid the "Transfer," defined by the Trustee as the entire $779,917.81 that the Debtors wired to Voyager to satisfy the Voyager Note and its related fees, as a fraudulent transfer under sections 544(b) and 548 of the Bankruptcy Code and sections 3439.04 and 3439.05 of the California Civil Code.[10]  In Count 5 the Trustee seeks to recover the Transfer and in Count 6 the Trustee seeks to disallow Voyager's claims.[11]

Voyager filed a motion to dismiss Counts 3, 4, and 6.[12]  The parties have fully briefed the motion,[13] and the matter is ripe for decision.

II.  <u>JURISDICTION</u>

The Court has subject matter jurisdiction over this adversary proceeding.[14]  The Trustee consented to entry of a final order or judgment by this Court.[15]  Voyager did not state

---

[9]   <u>Id.</u> ¶ 54-55.  The Complaint is silent about the Voyager Note's governing law, but both parties cite California law as the applicable state law under section 544.

[10]   <u>Id.</u> ¶ 47.

[11]   <u>Id.</u> ¶¶ 82-83, 85-87.

[12]   Adv. D.I. 6 at 5.

[13]   Adv. D.I. 7 & 8.

[14]   28 U.S.C. §§ 1334(b) & 157(a).

[15]   Adv. D.I. 1 ¶ 7; Adv. D.I. 18 ¶ 7.

whether it consented to the entry of a final order or judgment by this Court, which according to the local rules constitutes consent.[16]

III. <u>STANDARD OF REVIEW</u>

Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted."[17]  Under Rule 12(b)(6), a complaint "does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[18]  The plaintiff must state enough facts for the Court to determine that "a claim for relief is plausible on its face."[19]  A claim is plausible when the court can "draw a reasonable inference that the defendant is liable for the misconduct alleged."[20]  The moving party has the burden of

---

[16]    Del. Bankr. L.R. 7012-1.

[17]    Fed. R. Civ. P. 12(b)(6).  The applicable Federal Rules of Civil Procedure are incorporated into the Federal Rules of Bankruptcy Procedure.  <u>See</u> Fed. R. Bankr. P. 7012.

[18]    <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

[19]    <u>Id.</u> at 570.

[20]    <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (describing applicable pleading standards).

demonstrating that dismissal is appropriate.[21]

IV.  DISCUSSION

    A.  Constructive Fraud

The Trustee may avoid a transfer of the Debtors' interest in property or an obligation that was made or incurred within two years before the Debtors filed the bankruptcy petition if the Debtors, inter alia, "received less than a reasonably equivalent value in exchange for such transfer or obligation."[22]

Voyager acknowledges that normally constructive fraudulent transfer cases require discovery on the issue of what value was given,[23] but it argues that this case does not because the Trustee has pled facts which defeat his own cause of action:  The Complaint alleges that the Debtors received a loan for $750,000 and subsequently wired $750,000 (in addition to the fees charged for that loan) to Voyager in satisfaction of that loan.[24] Voyager therefore argues that the Complaint is missing an

---

[21]  In re Intel Corp. Microprocessor Antitrust Litig., 496 F. Supp. 2d 404, 408 (D. Del. 2007).

[22]  11 U.S.C. § 548(a)(1)(B).  See also Cal. Civ. Code §§ 3439.04(a)(2), 3439.05.

[23]  See Beskrone v. OpenGate Cap. Group, LLC (In re PennySaver USA Publishing, LLC), 602 B. R. 256, 267 (Bankr. D. Del. 2019) (observing that reasonably equivalent value is usually a factual issue best left for decision after discovery is concluded).

[24]  D.I. 1 ¶¶ 43-47.

essential element or is subject to an absolute defense which is apparent from the face of the Complaint as to the repayment of the $750,000 loan.[25]

Voyager contends that the Trustee has not alleged that the loan itself was fraudulent. Instead, Voyager contends that the Complaint's only allegations of fraudulently incurred obligations are the allegations that the obligation to pay the Fixed Loan Fee was a fraudulent transfer.[26]

Even if the Complaint did allege that the $750,000 portion of the repayment was avoidable, Voyager argues that the Complaint does not state a claim for relief under the Bankruptcy Code or California law because the $750,000 loan constitutes reasonably equivalent value for its repayment. It asserts that the statutes and case law clearly provide that a payment in satisfaction of a debt is a transfer for value under applicable law.[27]

---

[25]   VFB LLC v. Campbell Soup Co., 482 F.3d 624, 631 (3d Cir. 2007) (stating that a party receives reasonably equivalent value when it gets approximately the same value that it gave). See also Kendall v. Lancaster Exploration & Dev. Co., LLC, 323 F. Supp. 3d 664, 676 n. 67 (M.D. Pa. 2018) ("In the Third Circuit, affirmative defenses may be raised at the motion to dismiss stage if the defenses are 'apparent on the face of the complaint.'") (citation omitted).

[26]   Adv. D.I. ¶¶ 54-55.

[27]   11 U.S.C. § 548(d)(2)(A) (defining "value" in the context of fraudulent transfers to include "satisfaction [of an] antecedent debt of the debtor."); Cal. Civ. Code § 3439.03 (same). See also, Burkart v. Bisessar (In re Singh), No. 12-2312D, 2015 WL 1887939, at *16 (Bankr. E.D. Cal. Apr. 22, 2015) (holding that repayments that did not make Ponzi scheme victims "net winners"

The Trustee does not dispute that the payment of an enforceable debt is a transfer for reasonably equivalent value. However, he argues that if the loan itself is avoided as unreasonable, then the transfer satisfying that debt was not for reasonably equivalent value.[28]  The Trustee contends that Voyager's reading of the Complaint is too narrow.  The Trustee asserts that the Complaint states, in its entirety, that he is trying to avoid all of the obligations the Debtors incurred in connection with the Voyager Note.  The Trustee claims that the Debtors only had one obligation under the Voyager Note, which included both the principal and the Fixed Loan Fee.  The Trustee argues that the right to receive $750,000 is not reasonably equivalent to an obligation to pay $775,000 four days later.  As a result, the Trustee asserts that the entire loan obligation should be avoided.

_____

were payments for value and could not be avoided by the trustee as constructively fraudulent); Annod Corp. v. Hamilton & Samuels, 100 Cal. App. 4th 1286, 1294-95 (2002) (affirming decision that payments to law firm partners were reasonably equivalent value for the services they performed for the firm).

[28]   TSIC v. Thalheimer (In re TSIC, Inc.), 428 B.R. 103, 115 (Bankr. D. Del. 2010) (holding that the transfer at issue was constructively fraudulent and could be avoided because the underlying debt obligation was avoided); Ogle v. JT Miller, Inc. (In re HDD Rotary Sales, LLC), 512 B.R. 877, 885 (Bankr. S.D. Tex. 2014) (stating the general rule that if an obligation is avoided, the transfers made on account of that obligation are not necessarily for reasonably equivalent value but finding in that case that they were for value and not constructively fraudulent transfers).

Voyager disputes the Trustee's contention that the Complaint seeks to avoid the $750,000 loan. Voyager points out that the Complaint defines "Obligations" as "contractual terms requiring the payment of interest at a rate of 304% per annum."[29] Therefore, it does not seek to avoid the loan itself or even the repayment of the principal.

The Court finds it unnecessary to decide whether the Complaint seeks to avoid the loan transaction itself as a constructively fraudulent transfer, because even if it does, the Court concludes that it fails to state a plausible claim for the avoidance of the repayment of the principal amount of the loan, which is the only part of the Complaint Voyager is seeking to dismiss by its motion.[30]

The Complaint acknowledges that Voyager gave the Debtors $750,000 in cash.[31] The repayment of that exact amount is

---

[29]    Adv. D.I. 1 ¶ 55.

[30]    Adv. D.I. 8 at 5 ("the Motion to Dismiss does not seek dismissal of the Trustee's Complaint with respect to the approximate $30,000 in fees and interest paid by [the Debtors] in addition to the repayment of the $750,000 principal amount of the loan. Voyager certainly does not concede that such obligations or the payment of such obligations are avoidable, only that the determination of such is not appropriate at the motion to dismiss stage of this proceeding.").

[31]    Adv. D.I. 1 ¶ 46 ("On December 12, 2022, Defendant wired the sum of $750,000 to [the Debtors].").

equivalent value.[32]    Therefore, the Trustee cannot state a claim for avoidance of the portion of the Transfer that repaid the loan principal of $750,000 as a constructively fraudulent transfer.

The TSIC case cited by the Trustee is inapposite as it did not involve the repayment of an antecedent debt.[33]    The HDD Rotary case cited by the Trustee supports the Court's conclusion that the repayment of the amount that Voyager gave to the Debtors is not avoidable.[34]

B.    Actual Fraud

The Trustee may avoid a transfer of the Debtors' interest in property or an obligation as an actual fraudulent transfer that was made or incurred within two years before the Debtors filed the bankruptcy petition if the Debtors, inter alia, "made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such

---

[32]    11 U.S.C. § 548(d)(2)(A) (defining "value" in the context of fraudulent transfers to include "satisfaction [of an] antecedent debt of the debtor.").

[33]    TSIC, 428 B.R. at 114-15 (holding that severance payment made in exchange for promise not to sue – not for repayment of an antecedent debt - was for less than reasonably equivalent value).

[34]    See HDD Rotary Sales, 512 B.R. at 886 (holding that payment of bonus promised to salesman to induce him to join the debtor's sale force was in satisfaction of a legal obligation of the debtor and the debtor had received reasonably equivalent value in the form of the salesman's services).

obligation was incurred, indebted."[35]   The California statute enumerates several "badges of fraud" which the court may consider to determine whether a transfer was made with fraudulent intent.[36]

Voyager argues that Count 4, the actual fraudulent transfer claim, must be dismissed.  Voyager asserts that although the statutes and courts consider many "badges of fraud" to ascertain whether a transfer is actually fraudulent, the most relevant badge of fraud in the present case is "[w]hether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred."[37]   Voyager notes that the Complaint alleges that the Debtors received $750,000 and repaid that same amount.[38]   According to Voyager, its loan to the Debtors created a debt and that, if a transfer is made to satisfy a debt, the other badges

---

[35]   11 U.S.C. § 548(a)(1)(A).  See also Cal. Civ. Code § 3439.04(a)(1).

[36]   See Cal. Civ. Code § 3439.04(b).  See also Universal Home Improvement v. Robertson, 51 Cal. App. 5th 116, 127 (2020).

[37]   Cal. Civ. Code § 3439.04(b)(8).  See also Official Comm. of Unsecured Creditors of Fedders N. Am., Inc. v. Goldman Sachs Credit Partners L.P. (In re Fedders N. Am., Inc.), 405 B.R. 527, 545 (Bankr. D. Del. 2009) (stating that the "badges of fraud" include, but are not limited to: ". . . consideration for the conveyance").

[38]   Adv. D.I. 1 ¶¶ 46-47.

10

of fraud are irrelevant.[39] Voyager asserts that these facts are sufficiently straightforward that the Court need not analyze the other badges of fraud.

Voyager also argues that reasonably equivalent value is the most important factor for public policy reasons. Voyager claims that fraudulent transfer laws exist to prevent estate assets from disappearing without consideration.[40] Here, Voyager asserts that the Debtors' transfer of $750,000 did not decrease the Debtors' bankruptcy estate because it was in satisfaction of a debt owed by the Debtors.

The Trustee argues that the loan transaction itself is avoidable as an actual fraudulent transfer because the Debtors' former CEOs committed fraudulent acts, causing enormous losses

---

[39]   Universal Home Improvement, 51 Cal. App. 5th at 127 (2020) (affirming holding that defendant's transfer of a partnership interest to her sister after a judgment was entered was for reasonably equivalent value because it satisfied a valid, antecedent debt and therefore was not an actual fraudulent transfer under California law even though some badges of fraud were present); Wyzard v. Goller, 23 Cal. App. 4th 1183, 1188 (1994) (affirming holding that the defendant had not received an actual fraudulent transfer because he had given equivalent value even though some badges of fraud were present); Annod 100 Cal. App. 4th at 1299 (2002) (affirming decision that payments to law firm partners were not fraudulent transfers because they were for reasonably equivalent value and some of the badges of fraud were not present). But see Kasolas v. Nicholson (In re Fox Ortega Enters., Inc.), 631 B.R. 425, 465, 468 (Bankr. N.D. Cal. 2021) (declining to follow the general rule that a transfer for value inherently defeats an actual fraudulent transfer claim).

[40]   Rebein v. Cornerstone Creek Partners, LLC (In re Export S. Tulsa, LLC), 842 F.3d 1293, 1297 (10th Cir. 2016) (explaining the rationale of fraudulent transfer law).

11

which led to the Debtors agreeing to Voyager's predatory loans. After the loan is avoided, the Trustee asserts that the Transfer must be avoided because there would be no antecedent debt and the Transfer would not have been for value.

The Trustee contends that Voyager will have the chance at trial to show that it is a good faith transferee under section 548(c) entitled to retain any value it provided to the Debtors.[41] The Trustee argues that it is incumbent upon the Defendant to prove its good faith because of the onerous terms of the loan and the former CEOs' fraudulent acts.

Voyager responds that the Complaint does not support the Trustee's predatory lending arguments because it does not allege that the loan was usurious or that Voyager was involved with any of the CEOs' allegedly fraudulent acts.  Voyager asserts that the market for short-term loans to distressed entities dictates the fees and interest attached to those loans and argues that avoiding the Transfer would chill the short-term lending market for other distressed companies.

Voyager also argues that even if the obligation to repay $750,000 was avoidable, Voyager would still have a right to

---

[41]    See 11 U.S.C. § 548(c) (providing that "a transferee or obligee of such a transfer or obligation that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer or obligation.").

12

retain the Transfer in that amount under section 548(c) and under
theories of "money lent,"[42] unjust enrichment,[43] and implied
contract.[44]  Voyager argues that avoiding the Transfer would give
the Debtors an inappropriate windfall.  Voyager asserts that
fraudulent transfer law has a remedial purpose,[45] and serves to
protect the transferor's creditors and restore the parties to
their prior positions.[46]  Voyager asserts that avoiding the loan

_____

[42]   See, e.g., Farmers Ins. Exch. v. Zerin, 53 Cal. App. 4th
445, 460 (1997) (describing claim for "money had and received" as
indebtedness for consideration that has not been repaid).

[43]   Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th
Cir. 2015) (stating that California law allows plaintiffs to
recover benefits that the defendant unjustly retained); Ghirardo
v. Antonioli, 14 Cal. 4th 39, 51 (1996) (holding that the
defendant had been unjustly enriched when he failed to pay
remainder of mortgage due to mathematical error in a payoff
demand).

[44]   Retired Emps. Ass'n of Orange Cty., Inc. v. County of
Orange, 52 Cal. 4th 1171, 1178 (2011) (describing implied
contract as an agreement that is not expressed in words but has
the same legal effect as a written contract).

[45]   See e.g., Butler v. Anderson (In re C.R. Stone Concrete
Contractors, Inc.), 462 B.R. 6, 27 (Bankr. D. Mass. 2011)
(finding that § 548 was remedial for purposes of determining
whether the action survived the plaintiff's death); Butler v.
Anderson (In re Best Products Co., Inc.), 168 B.R. 35, 57 (Bankr.
S.D.N.Y. 1994) (stating the general principle that fraudulent
transfer law is meant to be remedial and not punitive).

[46]   Frontier Bank v. Brown (In re N. Merchandise, Inc.), 371
F.3d 1056, 1059 (9th Cir. 2004) (stating that the fraudulent
transfer analysis focuses on the amount of funds available to
unsecured creditors); Harman v. First Am. Bank of Md. (In re
Jeffrey Bigelow Design Grp., Inc.), 956 F.2d 479, 485 (4th Cir.
1992) (stating that fraudulent transfer law seeks to determine
whether the transfer depleted the bankruptcy estate); Rubin v.
Mfrs. Hanover Tr. Co., 661 F.2d 979, 991-92 (2d Cir. 1981)

would just restore the parties to the positions they occupied
before they signed the Voyager Note and would not allow the
Trustee to keep the $750,000 that Voyager lent it but would
obligate it to return the loan to Voyager.  Therefore, Voyager
argues that the Transfer of the $750,000 from the Debtors to
Voyager had no impact on the Debtors' net estate and should not
be avoided.

The Court concludes that the Trustee has stated a plausible
claim for avoidance of the principal amount of the loan as an
actual fraudulent transfer.  Providing value is not an absolute
bar to an actual fraudulent transfer claim under section
548(a)(1)(A).  Although there is disagreement on this point, the
Court agrees with the analysis of the <u>Kasolas</u> Court which held
that a claim could be stated if there was evidence of fraud on
the part of the defendant.[47]  In that case, there was evidence
that the debtor was running a Ponzi scheme and the defendant knew
of it (having threatened to reveal the scheme to the authorities

---

(describing how creditors have not suffered if the debtor
received a benefit equivalent to the value it transferred); <u>Best
Products</u>, 168 B.R. at 57 (stating that an avoided transfer places
parties in their prior positions).

[47]   <u>See</u> <u>Kasolas v. Nicholson (In re Fox Ortega Enters., Inc.)</u>,
631 B.R. 425, 467-68 (Bankr. N.D. Cal. 2021. <u>But see</u> <u>Universal
Home Improvement</u>, 51 Cal. App. 5th at 127 (holding that the
defendant had not made an actual fraudulent transfer despite the
presence of badges of fraud because the transfer was for
reasonably equivalent value and made to satisfy a valid,
antecedent debt).

14

unless he received the product he had paid for).[48]  After he was
sued for a fraudulent transfer, the defendant presented the same
argument as Voyager here, asserting that badges of fraud were not
relevant because his payment for the product was value.[49]  The
Kasolas Court disagreed, holding that the satisfaction of an
antecedent debt did not preclude the Court from avoiding the
transfer if it found the defendant had committed an actual
fraud.[50]

Like the Kasolas case, the payment of value does not
automatically insulate Voyager from liability if the Court
concludes that the Transfer was an actual fraudulent transfer.
The Court finds that there is sufficient factual content in the
Complaint to state such a claim here.  The Trustee alleges that
the principal of Voyager, David Hardcastle, was an advisory board
member of the Debtors who knew about the Debtors' financial
difficulties and the Debtors' executives' allegedly fraudulent
efforts to conceal those difficulties.[51]  The Trustee further
alleges that the Debtors obtained the loan from Voyager to hide

---

[48]    Id. at 446.

[49]    Id. at 465.  See also Universal Home, 51 Cal. App. 5th at
127 (2020) (quoting and affirming the trial court's application
of the principle that "[t]he 'badges of fraud' do not matter when
value is given, such as satisfaction of antecedent debt.").

[50]    Kasolas, 631 B.R. at 468.

[51]    Adv. D.I. 1 ¶ 39-40.

15

the Debtors' cash shortfalls as part of the CEOs fraudulent scheme.[52]  Although claims for fraud require particularity,[53] the Court finds that the Trustee has plead sufficient facts to nudge it into the realm of plausibility and survive a motion to dismiss.[54]

The Court finds that for purposes of this motion to dismiss the facts in the case relied upon by Voyager, Universal Home, are distinguishable.  In Universal Home, the defendant transferred a partnership interest to her sister, to whom she owed a valid, preexisting debt, after a judgment was entered against her in an unrelated matter.[55]  The judgment creditor sued the defendant for actual and constructive fraudulent transfers under California law.[56]  Despite the existence of several badges of fraud, the trial court found the defendant's payment to be a good faith payment to her sister.[57]  The Court has made no such findings of good faith at this stage, but the Court finds that the Trustee

---

[52]   Id. ¶ 22.

[53]   See Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009.

[54]   Miller v. Greenwich Cap. Fin. Prods. Inc., (In re Am. Bus. Fin. Servs., Inc.), 361 B.R. 747, 759 (Bankr. D. Del. 2007) (stating that chapter 7 trustees are afforded more latitude in pleading fraud but holding that the trustee had not stated an actual fraudulent transfer claim with sufficient particularity).

[55]   Universal Home, 51 Cal. App. 5th at 119-20 (2020).

[56]   Id. at 120.

[57]   Id. at 127.

16

has sufficiently alleged that the Transfer was not made in good
faith.

      C.   <u>Disallowance of Claim</u>

      Count 6 of the Complaint asks the Court to disallow any
claim of Voyager pursuant to section 502(d) until and unless
Voyager returns any transfer that is avoided.

      Voyager asks the Court to dismiss Count 6 because Voyager
has not filed any claim in the Debtors' cases.  The Trustee does
not object to the dismissal.

      The Court will therefore grant Voyager's motion to dismiss
Count 6 of the Complaint.


V.   <u>CONCLUSION</u>

      For the foregoing reasons, the Court will grant the motion
to dismiss Counts 3 and 6 and deny the motion as to Count 4.

      An appropriate Order is attached.


Dated: January 22, 2026      BY THE COURT:

                            Mary F. Walrath
                            United States Bankruptcy Judge